17 F.3d 1444
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Kenneth F. CONROY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3485.
 United States Court of Appeals, Federal Circuit.
 Jan. 18, 1994.
 
 Before RICH, NEWMAN, and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner, Kenneth F. Conroy, (Conroy), petitions for review of the March 12, 1993, decision of the Merit Systems Protection Board (board), Docket No. PH831E930082-I-1, affirming the Office of Personnel Management's (OPM) determination that he is not entitled to disability retirement benefits, pursuant to the Civil Service Retirement Act (CSRA), 5 U.S.C. Secs. 8331, 8337. We affirm.
 
 DISCUSSION
 
 2
 In appeals from board decisions involving OPM disability determinations, such as this one, our scope of review is very narrow. The factual underpinnings of OPM disability determinations may not be judicially reviewed. Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985). Here, our review is limited to whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Id. (citations omitted).
 
 
 3
 Conroy's appeal is based upon the argument that OPM's assessment of the medical and other factual evidence before it, and the board's affirmance thereof, was improper. For the most part, Conroy is merely arguing that the OPM and the board failed to evaluate his medical evidence and that he was dismissed for his Lyme disease and not the intoxication incident. We decline to review Conroy's arguments to the extent that they center on the weight accorded to the evidence and factual determinations because such a review is beyond the jurisdiction of this court. Id.
 
 
 4
 We have reviewed all of Conroy's legal arguments to the extent that they address a "substantial departure from important procedural rights," or an error "going to the heart of the administrative determination." Under our limited standard of review, we must affirm.